JAMES CREIGHTON, plaintiff in error, vs. WILSON C. HEWITT, defendant in error.

The verdict in this case is fully sustained by the evidence, and the credibility of the witnesses being especially for the consideration of the jury, a new trial ought not to have been granted.

New trial. Before Judge GOULD. City Court of Augusta. May Term, 1873.

Creighton brought trespass against Hewitt for $1,000 00 damages. The defendant pleaded the general issue. The evidence was, in substance, as follows:

James Creighton, the plaintiff, says: The goods named in the declaration, consisting of clothes, jewelry and money, were left in his room, at the Globe hotel, in the city of Augusta, on or about the 9th of May, 1869, aggregating in value about $700 00. The defendant was the proprietor of said hotel. The door of his room was locked, and no one had keys to it except the defendant and the chambermaids. Plaintiff was the steward of the hotel. On the day above stated he went out into the city on business, became sick and went to his home on Greene street, fell asleep, and not waking until late in the evening did not return to the hotel until the next morning. Policeman Welch informed him that his trunk had been robbed, and was at the police station. Accompanied the policeman to the court-house where the trunk was, and thence to the

hotel. The officer told him to be cautious. Went with him to the room, and found all the property gone. Talked to the defendant when plaintiff came down, asked him for his property, and endeavored to explain his absence. The defendant seemed to be mad and would pay no attention to him. The defendant paid him $60 00 and his board per month, for his services. Never had any difficulty with the defendant prior to this. Left the hotel without provocation from the defendant, and without his knowledge or consent. Was bound to be at his post, though there were times when he could take an hour or so to go out on the street. Took the keys of the store-room, pantry and of his own room off in his pocket. The defendant had a pass-key to every room in the house. Shortly after his clothes were taken saw some of them in the privy of the hotel.

Louisa Lovell says: Was passing down Ellis street in the night, some years ago, and as she passed the back-gate leading out of the yard of the Globe hotel, saw the defendant open the gate and put out a yellow colored trunk into the street. This was about eleven or twelve o'clock at night.

Joseph Reynolds says: Was a policeman in the year 1869. On the night of the 9th or 10th of May, of that year, at a little before twelve o'clock, found a trunk on Ellis street, in the rear of the Globe hotel. Don't know who put it there. Found by some letters in it that it belonged to the plaintiff. Took it to the police station. It was a brown or yellow colored trunk. It was open.

George Washington says: In the year 1869 the defendant sent for him to clean out the privy of the Globe hotel, and to sink it four feet deeper. In the course of his work found a large bundle in the sink which he took to be the body of some one. Went and brought his drag and pulled up a bundle of clothes larger than he could span with both his arms. Untied it and picked out a silk vest and other clothing. Sent for the defendant and showed him the things. He cursed witness for pulling them out of the sink, pushed them back, and threw in the drag.

Creighton *vs.* Hewitt.

...... Walters says: Was in the defendant's employ as a cook in the year 1869. Saw George Washington picking the clothes out of the sink. Recognized them as belonging to the plaintiff. George was picking them out piece by piece.

Wilson C. Hewitt, the defendant, testified as follows: The plaintiff had been in his employ about two years, when, on the 9th or 10th of May, 1869, the day that the Georgia Railroad convention was in session, on going to his dining room to see if dinner was about ready, found him absent. Immediately got a horse and went in search of him. Heard of him at several places, but did not find him until the succeeding day, when he and the policeman came to the hotel. The conduct of the plaintiff in leaving his hotel in the manner in which he did subjected him to great inconvenience, as his house was filled with guests to the number of three or four hundred. Did not have a pass-key to the plaintiff's room; did not enter his room or remove his trunk therefrom; did nothing with his room on the day after he left; might have put some one there on the following night, as he was very much crowded. Do not know what became of the trunk or its contents; heard some of the servants say that there was a hat and coat floating about in the privy; went back and saw them; the hat he recognized as belonging to the plaintiff; did not know that these were a part of the contents of his trunk. Made no effort to recover the trunk or its contents; the plaintiff did not leave it under his control. His house was not entered by a burglar on the night on which the trunk was taken, unless the plaintiff may be regarded as such.

The jury found for the plaintiff $704 70, with interest from May 10th, 1869. The defendant moved for a new trial, because the verdict was contrary to the evidence. The motion was sustained, and a new trial ordered; whereupon, the plaintiff excepted.

John S. Davidson; Thaddeus Oakman, for plaintiff in error.

James S. Hook, by Samuel F. Webb, for defendant.

McCay, Judge.

We do not think this verdict comes within the class of verdicts which the judge of the superior court is authorized to set aside.    It is not contrary to the evidence, if the witnesses are to be believed, and under our law the jury are specially the judges of that matter.    We will not say that there is no case where the judge may not grant a new trial, when credibility of witnesses is the turning point of the case; but in this case, there seems to be nothing but the simple belief of the judge that the woman who saw Mr. Hewitt did not tell the truth, and the improbability that a man occupying the station in life of the defendant would do so dastardly an act as this. It is clear, however, that somebody did it.    It is clear, too, that the defendant was in a rage at the plaintiff, and it is difficult to see how the thing done could have been done except, at least, by the consent of the defendant.    Taking all the circumstances together as they appear in the record, we do not think the verdict displays passion, prejudice or mistake, but it is such a verdict as twelve honest, sensible men might well render, though others might differ with them.

Judgment reversed.